UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-24110

YARLIN RAMOS,

    Plaintiff,

vs.

IMEXCA, CORP. d/b/a
DEAL AIRPORT PARKING and
RAFAEL ACOSTA,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME VIOLATION(S)

    Plaintiff, Yarlin Ramos, sues Defendants, Imexca, Corp. and Rafael Acosta, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Yarlin Ramos**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

    2.    Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

    3.    Plaintiff was a non-exempt employee of Defendants.

    4.    Plaintiff consents to participate in this lawsuit

    5.    **Defendant, Imexca, Corp.**, is a for-profit Florida corporation that is *sui juris* and operated its airport parking and shuttle service business in in this District at all times material. Defendant, Imexca, Corp. operates its business under the fictitious name of "Deal Airport Parking".

6. **Defendant, Rafael Acosts,** is over 18 years old, a resident of this District, and is *sui juris*. He was at all times material an officer/owner/director/member of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this District.

### *Background Facts*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their use of motor vehicles that have moved through interstate commerce to transport people between Defendants' parking lot and the Miami International Airport, and their use of mobile phones, computers, computer networking equipment, monitors, papers, forms, goods, materials and supplies that all traveled in interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

12. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked during the last three (3) years.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Plaintiff worked for Defendants from June 5, 2018 through October 2019.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely: communicating with customers located outside of the State of Florida, taking reservations from customers located outside of the State of Florida, receiving mail and packages that traveled in interstate commerce, sending mail to locations outside of the State of Florida, and driving passengers to and from the Miami International Airport for travel.

17. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

### *Liability*

18. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times her regular hourly rate(s) of pay for all of the hours that she worked beyond 40 hours in a given workweek.

19. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours during the time she worked for them as a result of their tracking the hours she worked and then paying her at her regular rate of pay for all hours worked beyond 40 in a workweek.

20. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period by paying Plaintiff at her regular hourly rate(s) of pay without paying her time and one-half overtime wages for the overtime hours she worked beyond 40 in a workweek.

21. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned

22. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

24. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty / liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Yarlin Ramos, demands the entry of a judgment in her favor and against Defendants, Imexca, Corp. d/b/a Deal Airport Parking and Rafael Acosta, jointly and severally after trial by jury and as follows:

4

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Yarlin Ramos, demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of October 2020.

>Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>7300 N. Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:   305.230.4884
>*Counsel for Plaintiff*